# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCIS R. HOLLEY, #168438    * | |
|         Plaintiff, | |
| v.    * | CASE NO. 06cv1905 RWT |
| DOCTOR TEMESGEN    * | |
|         Defendant. | |
|                             ***| |

## MEMORANDUM OPINION

II.     Procedural History

Francis R. Holley ("Plaintiff") is an inmate at the Correctional Mental Health Center in Jessup, Maryland ("CMHC-J"). On or about July 20, 2006, Plaintiff filed this Complaint for injunctive relief and compensatory and punitive damages, pursuant to 42 U.S.C. § 1983. Plaintiff raises a number of vague and bald assertions regarding procedures employed for drawing blood[1] and the treatment (or lack thereof) rendered for rashes, "poisons" in his body, and his uncontrollable shaking. *See* Paper No. 1.

Currently pending before this Court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. *See* Paper No. 10. Plaintiff has filed an opposition. *See* Paper No. 17. The undersigned concludes that an oral hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2004).

II.     Standard of Review

Defendant move for dismissal under Federal Rule of Civil Procedure 12(b)(6). Such a motion may be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46

---

[1]     Plaintiff complains that needles are taken out of their safety seals before blood is drawn.

(1957). In its determination, the Court must consider all well-pled allegations in a complaint as true, see *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. This Court, however, need not accept unsupported legal conclusions or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Under Federal Rule of Civil Procedure 56(c), a court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A material fact is one that 'might affect the outcome of the suit under the governing law.'" *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). To avoid summary judgment, the non-moving party "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

A prisoner claiming denial of medical care in violation of the Eighth Amendment must prove two essential elements. First, he must satisfy the "objective" element by illustrating a serious medical condition. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). If this first element is satisfied, he must then prove the second subjective component of the standard by showing deliberate indifference on the part of prison officials or health

care personnel. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in *Estelle*, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id*. at 837. Health care staff are not, liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id*. at 844; *see also Johnson v. Quinones*, 145 F.3d at 167. Furthermore, mere malpractice or negligence does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990).

III.    Analysis

Defendant has filed a response to the Complaint as an employee of Correctional Medical Services, Inc. ("CMS"), the private contractor for State corrections medical and medical record services since July 1, 2005. He asserts, by the submission of affidavit and Plaintiff's medical records, that he has been the medical director for CMS at the CMHC-J since July 1, 2005, is not personally involved in Plaintiff's psychiatric treatment or prescription regimen, and has not treated Plaintiff since July 1, 2005. He provides the following information.

Plaintiff is housed at the CMHC-J. According to Dr. Temesgen, Plaintiff has been refusing annual physicals conducted by medical staff. *See* Paper No. 10, Exh. A. Plaintiff is being treated by Dr. Carl Schellhas, a psychiatrist at CMHC-J, for his paranoid-type delusional disorder. *See id*. Defendant states that Dr. Schellhas has prescribed Geodon for Plaintiff's delusional disorder and

3

Cogentin to control the extrapyamidal symptoms (involuntary movements, tremors, and restlessness) caused by the Geodon. *See id*. Dr. Temesgen claims that Plaintiff is not currently prescribed any injectable medications. *See id*.

In his opposition response, Plaintiff states that on July 27, 2004, he informed Dr. Temesgen that he was shaking from the medicine he was taking and a rash had developed on the left side of his face and back from the "toxic" medicine that had been prescribed to him. *See* Paper No. 17. He claims that Dr. Temesgen simply walked away and refused to give him the requested antibiotic Tetracycline. *See id*. Plaintiff "feels that he was having a nervous break down and his nervous system had been damaged . . . . Plaintiff could feel the nerves jumping all through his body." *See id*. He claims that he is still shaking uncontrollably "at any given time." *See id*. Plaintiff also seemingly claims that Dr. Temesgen failed to inform him of blood test results "on 2001, 2002, 2003, 2004, 2005, 2006." *See id*.

The undersigned finds that Plaintiff has failed to demonstrate that Dr. Temesgen has personally denied him medical care. Plaintiff is housed at a mental health facility and the psychiatric staff treating him have prescribed the antipsychotic medication Geodon to treat his diagnosed delusional disorder, and Cogentin to treat his shaking symptoms. He is evaluated for his psychiatric care and medications by mental health, not medical, staff.[2] Further, Plaintiff fails to refute the claim that Dr. Temesgen has not evaluated him since July 1, 2005, and that he has refused annual physicals, which are conducted by medical personnel. Moreover, the primary claim against Dr. Temesgen is that he did not provide Plaintiff a requested antibiotic on July 24, 2004, for what

---

[2] Pursuant to the Maryland Department of Public Safety and Correctional Services contracts, mental health and medical staff are employed by different care providers. Plaintiff does not name mental health employees as defendants.

Plaintiff believed to be an allergic reaction (rash) to his medications. This allegation does not comprise an Eighth Amendment deprivation. The fact that on one occasion Defendant allegedly failed to treat Plaintiff's rash by prescribing Tetracycline, a drug sought by Plaintiff, does not, in the absence of demonstrating a serious medical problem and injury, establish a constitutional claim.[3]

IV.     Conclusion

For the reasons articulated above, Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment will be granted by separate order.

Date: 3/14/07                                                                /s/
                                                              ROGER W. TITUS
                                                              UNITED STATES DISTRICT JUDGE

---

[3]     In addition to establishing that personnel acted with deliberate indifference to his serious medical needs, to succeed on a § 1983 damage claim for violation of the Eighth Amendment, Plaintiff must show that he suffered from serious injury as result of Defendant's conduct. *See Lawrence v. Virginia Dep't of Corrections*, 308 F. Supp. 2d 709, 720 (E.D. Va. 2004). Such a showing has not been made in this case.